# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ENVIRONMENTAL WOOD PRODUCTS, INC., | * * * | |
| Plaintiff, | * * | CV 619-056 |
| v. | * | CV 619-057 |
| HALL & NAVARRO, LLC and RENASANT BANK, | * * * * | |
| Defendants. | * | |

## ORDER

Before the Court are two cases removed from one state court case filed in Tattnall County, Georgia. The Defendants Hall & Navarro, LLC ("H&N") and Renasant Bank removed separately to this Court under 28 U.S.C. § 1452, which allows for piecemeal removal of individual claims. As explained below, the interests of comity with state courts and respect for state law are best served by abstaining from hearing the cases under 28 U.S.C. § 1334(c)(1).

### I. Background

These cases stem from Plaintiff's bankruptcy, an Order issued by the Bankruptcy Court, and the implementation of Plaintiff's plan of reorganization. Plaintiff alleges that Renasant Bank's allocation of some of Plaintiff's payments under the plan were in

contravention of the plan. Plaintiff asserts state law conversion and attorneys' fee claims against Renasant Bank. Plaintiff also alleges that H&N, Plaintiff's bankruptcy counsel, permitted Renasant Bank to make the payment allocation. Plaintiff asserts a state law professional malpractice claim against H&N.

Defendants each removed to this Court pursuant to the bankruptcy removal procedure in 28 U.S.C. § 1452, which permits a party to remove "any claim . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim . . . under section 1334 of this title." This procedure resulted in two dockets being created in this Court: case number 6:19-cv-56 for H&N's removal and case number 6:19-cv-57 for Renasant Bank's removal.

Following removal, Defendants also moved to reopen Plaintiff's underlying bankruptcy case, which has been closed since September of 2011. The Bankruptcy Court denied that request, citing jurisdictional and justiciability concerns.[1] This leaves the two cases before this Court.

---

[1] See In re Envtl. Wood Prods., Inc., Case Number 10-60477-EJC, Docs. 154-55 (Bankr. S.D. Ga. Nov. 21, 2019).

2

## II. Legal Standards and Discussion

Defendants remove under 28 U.S.C. § 1452(a), which requires removing defendants to establish jurisdiction under 28 U.S.C. § 1334. Section 1334(b) provides multiple avenues for establishing jurisdiction: proceedings arising under, arising in, or related to cases under Title 11 all satisfy the statute. However, a district court's jurisdiction under Section 1334(b) is non-exclusive, and district courts need not exercise that jurisdiction in certain circumstances. 28 U.S.C. § 1334(c)(1) states:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

A district court has broad discretion to abstain under this section. See In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996); see also In re Wood, 825 F.2d 90, 93 (5th Cir. 1987) ("The abstention provisions . . . demonstrate the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case.")). A district court's decision to abstain

3

under subsection (c)(1) is generally not reviewable by the court of appeals.[2] See 28 U.S.C. § 1334(d).

Courts in the Southern District of Georgia consider fourteen factors in determining whether discretionary abstention is appropriate:

> (1) the effect of abstention on the efficient administration of the bankruptcy estate;
>
> (2) the extent to which state law issues predominate over bankruptcy issues;
>
> (3) the difficulty or unsettled nature of the applicable law;
>
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
>
> (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> (7) the substance rather than form of an asserted "core" proceeding;
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) the burden [on] the bankruptcy court's docket;
>
> (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

---

[2] This results in a dearth of authoritative case law, leading the Court to rely on district court decisions and precedent from outside the Eleventh Circuit. See, e.g., In re Brown, 572 F. App'x 849, 851 (11th Cir. 2014) (lacking jurisdiction to review abstention under §§ 1334(c)(1) and (d)).

4

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

Calvary Baptist Temple v. Church Mortg. Acceptance Co., No. CV410-194, 2011 WL 2457405, at *2 (S.D. Ga. June 16, 2011) (citing Rayonier Wood Prods., LLC v. ScanWare, Inc., 420 B.R. 915, 920 (S.D. Ga. 2009).

The second and thirteenth factors weigh heaviest in favor of abstention in these cases. As to the second factor, the claims asserted in the cases arise in essentially all respects under state law. Although Defendants argue[3] that the claims revolve around the interpretation of the Bankruptcy Order, any court is competent to interpret the Order, which is not directly at issue.[4] Beyond that interpretation, any legal analysis the presiding court conducts will be to determine whether Defendants' conduct concerning the payment allocation is actionable under the state

---

[3] The Parties have not briefed the issue of discretionary abstention. However, the Parties do address some of the fourteen factors in discussing Plaintiff's motion to remand; equitable remand and discretionary abstention are "kindred statutes." Rayonier Wood Prods., LLC, 420 B.R. at 920.

[4] As the Bankruptcy Court noted, neither the Plaintiff's plan of reorganization nor any Bankruptcy Court order provides for an allocation of the payments at issue. See Bankruptcy Court Order, Case Number 10-60477-EJC, Doc. 154, at 9.

5

law of conversion and professional malpractice. Therefore, state law issues predominate over bankruptcy issues.

Comity, the thirteenth factor, also weighs heavily in favor of abstention. "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdictions. The doctrine reflects a proper respect for state functions . . . ." Levin v. Commerce Energy, Inc., 560 U.S. 413, 421 (2010) (quotation omitted). "Courts apply principles of comity to foster cooperation, promote harmony, and build goodwill." 16 Am. Jur. 2d Conflicts of Laws § 11. Remanding these cases to state court will best serve these interests, especially given that state law predominates. After all, comity suggests that state courts are in the best position to resolve issues of state law.

Other factors weigh in favor of abstention, including factors twelve, nine, six, and one. Nonetheless, "[c]omity and respect for state jurisdiction are undoubtedly the more compelling reasons to [abstain]." Rayonier Wood Prods., 420 B.R. at 923. It is also noteworthy that Congress highlighted these two considerations in drafting the statute. See 28 U.S.C. § 1334(c)(1) (comity and respect for state law, alongside the interests of justice, are the three factors Congress included in the statute).

### III. Conclusion

The Court abstains from hearing these cases in the interests of comity and respect for state law under 28 U.S.C. § 1334(c)(1). Upon the foregoing, **IT IS HEREBY ORDERED** that these cases are **REMANDED** to the Superior Court of Tattnall County. The Clerk is **DIRECTED** to **CLOSE** these cases and **TERMINATE** all motions and deadlines.

**ORDER ENTERED** at Augusta, Georgia this 15th day of January, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA